UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| In Re )<br>   David W. Edwards )<br>)<br>BRENDA MOORE-EDWARDS, )<br>)<br>       Petitioner, )<br>)<br>   v. )<br>)<br>MARC E. ALBERT, )<br>)<br>       Respondent/Trustee. )<br>) | Civil Action No. 07-189 (RMC)<br>(Bankr. No. 05-02168) |

### ORDER

This is an appeal of an order of the bankruptcy court approving the amended final report of the bankruptcy trustee. As explained below, the Court will dismiss the appeal for lack of jurisdiction because it was not timely filed.

On October 27, 2006, the bankruptcy court issued an order titled "Order Disapproving Final Report, Approving Amended Final Report, Trustee's Application for Compensation and Directing Final Distribution of Funds on Hand." On November 9, 2006, pro se Petitioner Brenda Moore-Edwards filed a document with the bankruptcy court entitled "Objection to Trustee's Final Report" (the "Objection"). The Objection seeks de novo review by this Court pursuant to 28 U.S.C. § 157(c)(1). Because the Objection seeks review by this Court, the bankruptcy court treated it as an appeal and directed its clerk to transmit the Objection to the Clerk of the District Court.

The Objection erroneously seeks review under section 157(c)(1). Section 157(c)(1) applies only to non-core proceedings. The proceeding of which Petitioner complains, the approval of the trustee's amended final report, was a core proceeding. "[M]atters concerning the administration of the estate" is listed as one type of core proceeding under 28 U.S.C. § 157(b)(2)(A).

A bankruptcy court decision in a core proceeding is subject to appeal in the district court under 28 U.S.C. § 157(b)(1) (bankruptcy judges may hear and determine . . . all core proceedings . . . subject to review under § 158) and 28 U.S.C. § 158(a)(1) (district courts "shall have jurisdiction to hear appeals from final judgments, orders, and decrees"). Keeping in mind that pleadings filed by pro se litigants are held to less stringent standards than formal pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court treats the Objection as a notice of appeal of a core proceeding.

Even pro se litigants, however, must comply with the applicable procedural rules. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987) (pro se litigants must comply with the Federal Rules of Civil Procedure). Under the Federal Rules of Bankruptcy Procedure, an appeal of a decision in a core proceeding must be effectuated by a timely notice of appeal. *See* Fed. R. Bankr. P. 8001(a) ("An appeal from a judgment, order, or decree of a bankruptcy judge to a district court . . . shall be taken by filing a notice of appeal with the clerk within the time allowed by Rule 8002"). "The notice of appeal shall be filed with the clerk within 10 days from the date of the entry of the judgment, order or decree appealed from." Fed. R. Bankr. P. 8002(a).[1] The ten-day rule is

---

[1] Note that weekends and holidays are counted when calculating the ten-day rule. *See* Fed. R. Bankr. P. 9006(a) (do not count weekends and holidays when calculating time periods of less than 8 days). Further, the three-day extension provided for service by mail, *see* Fed. R. Bankr. P. 9006(f), does not apply to the ten-day notice of appeal rule. *In re Schimmels*, 85 F.3d 416, 420 n.4 (9th Cir.

jurisdictional. *In re Delta Eng'g Int'l, Inc.*, 270 F.3d 584, 586 (8th Cir. 2001); *Matter of Topco, Inc.*, 894 F.2d 727, 733 n.7 (5th Cir. 1990). The issue of timeliness cannot be waived. 894 F.2d at 733 n.7.

Petitioner's Objection, which this Court treats as an appeal, was not timely filed. The order at issue was entered on October 27, 2006. Any notice of appeal from this order was due ten days later, on November 6, 2006. Petitioner did not file the Objection until November 9, 2006. The notice of appeal was not timely;[2] thus this Court lacks jurisdiction. The appeal must be dismissed.

For the reasons stated above, it is hereby

**ORDERED** that Petitioner's Objection (treated by the Court as a notice of appeal) is **DISMISSED**. This case will be closed.

**SO ORDERED.**

Date:   February 22, 2007     _____/s/_____
ROSEMARY M. COLLYER
United States District Judge

---

1996).

[2] Note also that Petitioner's appeal is deficient under Bankruptcy Rule 8002 because the appeal does not "conform substantially" to Official Bankruptcy Form 17 and Petitioner did not pay the required filing fee.